UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**945 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74897<br>(Joint Administration Pending) |
| In re:<br><br>**956 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74898<br>(Joint Administration Pending) |
| In re:<br><br>**1041 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74896<br>(Joint Administration Pending) |

# NOTICE OF MOTION BY DEBTORS FOR ORDER IMPOSING STAY PURSUANT TO BANKRUPTCY CODE § 362(n)

**PLEASE TAKE NOTICE**, that on **Tuesday, November 15, 2016 at 11:00 a.m.** or as soon thereafter as counsel can be heard, debtors **945 Little East Neck Road, LLC** ("945 LENR"), **956 Little East Neck Road, LLC** ("956 LENR"), and **1041 Little East Neck Road, LLC** ("1041 LENR") (hereinafter referred to as the "Debtors"), by and through their attorneys, the Law Offices of Craig D. Robins, will move before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, United States Bankruptcy Court, 290 Federal Plaza, Courtroom 970, Central Islip, New York, seeking the entry of an Order as required by 11 U.S.C. §362(n), imposing a stay pursuant to 11 U.S.C. §362(a) as it applies to the Debtors, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, objections to the Plaintiffs' application shall be

filed as follows: (a) (i) through the Bankruptcy Court's electronic filing system which may be accessed through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS test (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Louis A. Scarcella, and a hard copy shall be served upon the Plaintiffs' counsel, Law Offices of Craig D. Robins, 35 Pinelawn Road, Suite 218-E, Melville, New York, the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York, and filed with the Clerk of the Bankruptcy Court, with a copy to chambers at least seven days before the scheduled hearing date.

**PLEASE TAKE FURTHER NOTICE** that annexed hereto is a copy of the proposed Order and application reciting the grounds for the relief requested.

Dated: Melville, New York
October 24, 2016

*s/ Craig D. Robins*
**CRAIG D. ROBINS, ESQ.**
Attorney for Debtors
35 Pinelawn Rd., Suite 218-E
Melville, NY 11747
(516) 496-0800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>**945 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74897 |
| In re:<br><br>**956 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74898 |
| In re:<br><br>**1041 LITTLE EAST NECK ROAD LLC**<br><br>Debtor. | Chapter 11<br>Case No. 16-74896 |

-------------------------------------------------------------X

# DEBTORS' MOTION FOR ORDER IMPOSING STAY PURSUANT TO BANKRUPTCY CODE § 362(n)

TO: THE HONORABLE LOUIS A SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

**945 Little East Neck Road, LLC** ("945 LENR"), and its affiliates, **956 Little East Neck Road, LLC** ("956 LENR"), and **1041 Little East Neck Road, LLC** ("1041 LENR"), as debtors and debtors in possession (collectively "Debtors") by their attorney, Craig D. Robins, Esq., respectfully represent as follows:

## PROCEDURAL HISTORY

1. On October 20, 2016 ("Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors are each small businesses as defined by Bankruptcy Code § 101(51D).

3. The Debtors intend to continue in possession of their respective properties and the management of their respective businesses as debtors in possession, pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. As of the date of this application, the United States Trustee's Office has not appointed an official committee of unsecured creditors in any of the Debtors' cases.

## BACKGROUND

5. 945 LENR, both 956 LENR and 1041 LENR are domestic corporations with corporate offices located at 16 Alley Pond Court, Huntington Station, New York 11746.

6. All three entities are gasoline service stations that also sell convenience store items. They are all located on the same stretch of roadway.

7. While each of the Debtor companies are separate companies, the Debtors are owned by the same three members, conduct essentially the same business operations, and have many of the same common creditors and vendors.

8. The Debtors are affiliated entities as that term is defined in 11 U.S.C.

§101(2).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 157(b). Venue of these cases and the within application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. Since the Debtors were debtors in small business cases that were dismissed in the two-year period prior to the commencement of the instant cases, pursuant to Bankruptcy Code § 362(n), the automatic stay imposed by Code § 362(a) does not apply directly to the Debtors (although it does apply to assets and property of the estate). Accordingly, by this application, the Debtors seek the entry of an order of this Court pursuant to Bankruptcy Code § 362(n), imposing a stay as it applies to the Debtors.

## PRIOR CASES

11. The Debtors previously filed for Chapter 11 relief on December 1, 2014 in this Court. 945 LENR filed under case no.8-14-75366-las; 956 LENR filed under case no.8-14-75367-las; and 1041 LENR filed under case no.8-14-75368-las (hereinafter referred to as the "Prior Cases"). Ron Weiss, Esq. was prior counsel to the Debtors in the Prior Cases ("Prior Counsel").

12. Prior Counsel in the Prior Cases failed to timely submit orders granting an extension of time to confirm a plan. Consequently, the Debtors were incapable of confirming plans of reorganization in the Prior Cases rendering

those cases futile and ineffective.

13. In particular, pursuant to 11 U.S.C. § 1121 (e) (2) of the Bankruptcy Code, in the Prior Cases the Debtors were required to file their Plans and Disclosure Statements by September 28, 2015 or to seek an order from the Court pursuant to § 1121 (e) (3) extending the deadline. The Debtor sought, and the Court granted, two extensions of the deadline, which established December 10, 2015 as the last day to file the plans and disclosure statements. The Debtors filed their plans and disclosure statements on December 10, 2015 (the "Plans").

14. Pursuant to § 1129 (e), in a small business case, the court shall confirm a plan within 45 days after the plan is filed. On December 28, 2015, the Debtors filed motion seeking an extension of the 45 day time period in which to confirm the Plans set under 11 U.S.C § 1129 (e). The Court granted an extension after a hearing held on January 14, 2016 and directed the Debtors to submit orders. The Debtors failed to submit orders granting the extension. Therefore, under § 1129 (e) the Debtors became incapable of confirming the Plans. Based upon the Debtors' inability to confirm the Plans, Prior Counsel sought dismissal of their chapter 11 cases, and the Court dismissed them on September 20, 2016.

15. In the course of the proceedings in the Prior Cases, Prior Counsel took full responsibility for the missed deadlines and explicitly stated that Debtors should not be punished because their counsel missed a deadline. Prior Counsel's associate, Nathan Kaufman, Esq., stated in a letter to the Court

that he had traveled to California on January 15, 2016, and before leaving the day before, advised his paralegal to upload the order. He further stated that the paralegal's mother was on her deathbed, which prevented her from focusing on the assigned task of uploading the order, and she failed to do it. (*See* Letter to Judge Hon. Louis A. Scarcella, May 23, 2016, Docket No. 85, 945 LENR, Case No.8-14-75366-las).

16. It is also respectfully submitted that, based on information and belief, in several hearings held in the Prior Cases, all parties including the Debtors, Prior Counsel, the Office of the United States Trustee, and the Court, in discussions both on and off the record, anticipated that the Prior Cases would be dismissed, and that the Debtors would quickly re-file those cases to seek the Chapter 11 bankruptcy relief they originally sought in the original filings, but were no longer able to do so because Prior Counsel failed to timely secure an order extending their time to file a plan.

**DISCUSSION**

17. Bankruptcy Code § 362(n)(1) effectively prevents the serial filing of bankruptcy petitions by preventing the automatic stay from going into effect in any case where the debtor: "was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition." Bankruptcy Code § 362(n)(1)(B). Since the Prior Debtors were small business debtors and the Prior Cases were dismissed within the two-year period prior to the commencement of the instant cases, then this

section prevents the automatic stay set forth in Code § 362(a) from going into effect.

18. However, Section 362(n)(2), in turn, provides a small reprieve to the drastic consequences of Section 362(n)(1) by providing exceptions if "the debtor proves by a preponderance of the evidence that the filing of the petition resulted from circumstances beyond the control of the debtor not foreseeable at the time the case then pending was filed," and if the debtor demonstrates that "it is more likely than not that the court will confirm a feasible plan, but not a liquidating plan, within a reasonable period of time." Bankruptcy Code § 362(n)(2)

19. It is respectfully submitted that the sole reason the Prior Cases were dismissed was Prior Counsel's failure to timely file the orders granting an extension of time to confirm a plan, and that this was in no way the fault of the Debtors. Prior Counsel's failure to file the orders was certainly not foreseeable at the time the Prior Cases were filed. In the Prior Cases, Prior Counsel had filed proposed plans (which were not liquidating plans) and disclosure statements, and was in the process of resolving issues with the disclosure statements so that they could be served on creditors, with the cases moving towards the confirmation process.

20. Considering that the Court and the Office of the United States Trustee anticipated that the Debtors would re-file their cases, it appears that there was a belief that the Debtors could satisfactorily confirm feasible plans in new filings based on the previous histories of the Prior Cases. It should be

noted that the Prior Debtors were current with all of their Chapter 11 debtor in possession responsibilities, including timely filing monthly operating reports, paying U..S. Trustee quarterly fees, maintaining insurance, and remaining current on administrative expenses. There were no motions brought by the United States Trustee seeking to dismiss the Prior Cases. Accordingly, it is respectfully submitted that based on all of the above, the Debtors have met the requirements of Bankruptcy Code § 362(n)(1)(B), and that they are entitled to have the Court impose the bankruptcy stay provided in Bankruptcy Code § 362(a).

## PROCEDURE

21. As this motion presents no novel issues of law, the Debtors request that the Court dispense with the requirements of Local Bankruptcy Rule 9013-1(b), that a memorandum of law be submitted herewith.

22. No previous motion for the relief requested has been made to this or any other Court.

**WHEREFORE**, Debtors respectfully request that the Court enter an Order imposing a stay pursuant to Bankruptcy Code § 362(n) in the herein Chapter 11 cases.

Dated: Melville, New York
October 24, 2016

*s/ Craig D. Robins*
**CRAIG D. ROBINS, ESQ.**

Attorney for Debtors
35 Pinelawn Rd., Suite 218-E
Melville, NY 11747
(516) 496-0800

Z:\CLIENTS\L\Little East Neck Road Chap 11\945 LENR - Main Case\Motion - Impose Stay 362(n) 10-05-16.LENR.wpd

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re: Chapter 11
Case No. 16-74897

**945 LITTLE EAST NECK ROAD LLC**

Debtor.
------------------------------------------------------------X

In re: Chapter 11
Case No. 16-74898

**956 LITTLE EAST NECK ROAD LLC**

Debtor.
------------------------------------------------------------X

In re: Chapter 11
Case No. 16-74896

**1041 LITTLE EAST NECK ROAD LLC**

Debtor.
------------------------------------------------------------X

CERTIFICATE OF SERVICE

I, **CRAIG D. ROBINS, ESQ.**, affirm:

I am not a party to this action. I reside in Suffolk County. On October 24, 2016, I served a true copy of the within DEBTORS' MOTION FOR ORDER IMPOSING STAY PURSUANT TO BANKRUPTCY CODE § 362(n), by:

Sending a copy by U.S.P.S. first class mail to the recipients listed below by mailing it in a postpaid wrapper and placing it in an official U.S.P.S. mail box to:

All Creditors on the attached Service List

*s/ Craig D. Robins*
CRAIG D. ROBINS, ESQ.

Service List:

945 Little East Neck Road
16 Alley Pond Court
Huntington Station, NY 11746

956 Little East Neck Road
16 Alley Pond Court
Huntington Station, NY 11746

1041 Little East Neck Road
16 Alley Pond Court
Huntington Station, NY 117

Aprea Realty
C/O Kressel, Rothlein, Wa
684 Broadway
Massapequa, NY 11758

BBCN Bank
485 Great Neck Road
Brooklyn, NY 11201

Benit Fuel Sales & Servic
C/O Mark Debenedittis, Es
99 Smithtown Blvd.
Smithtown, NY 11787

Certilman Balin Adler & H
90 Merrick Avenue
Attn: Jaspreet Mayall Esq
East Meadow, NY 11554

Chase Ink
PO Box 15298
Wilmington, DE 19850

Clair Rose
100 Rose Executive Blvd.
Shirley, NY 11967

Harold Levinson Associate
21 Banfi Plaza
Farmingdale, NY 11735

John Todaro
4 Mathews St.
Melville, NY 11747

Josephine Todaro
4 Mathews St.
Melville, NY 11747

Island Pump & Tank
388 Larkfield Road
East Northport, NY 11731

Joseph & Patricia Uglialo
6 Julia Circle
Huntington Station, NY 11746

Law Off. of Tae H. Whang
185 Bridge Plaza North
Suite 201
Fort Lee, NJ 07024

Muhammet Ozen
1 Ellen Court
Lake Grove, NY 11755

Leonard Portello
401 West Fulton Street
West Fulton, NY 12194

NYS Department of Taxatio
Bankruptcy Unit
PO Box 5300
Albany, NY 12205

NYS Dept. of Labor
State of New York
Off of the Atty General
120 Broadway
New York, NY 10271

NYS Dept. of Tax and Fina
C/O NY State Atty Gen Off
Paulina Stamatelos
120 Broadway, 24th Floor
New York, NY 10271

NYS Dept. of Tax and Fina
Bankruptcy Unit- TCD
Bldg. 8 Room 455
WA Harriman State Campus
Albany, NY 12227

NYS Dept. of Tax. and Fin
120 Broadway
24th Floor
New York, NY 10271

NYS Dept. of Labor
Unemployment Insurance Di
Harriman State Office Bui
Building 12, Room 256
Albany, NY 12240

NYS Lotto
Off. of the Atty General
The Capital
Albany, NY 12224

OK Petroleum Distribution
185 Route 109
West Babylon, NY 11704

OK Petroleum Internationa
185 Route 109
West Babylon, NY 11704

Ok Petroleum
185 Route 109
West Babylon, NY 11704

Robert F. Schade, CPA P.C
983 Littleneck Ave.
Bellmore, NY 11710

State of New York
Off. of the Atty General
120 Broadway
New York, NY 10271

White Star Petro Inc.
1921 Bellmore Ave.
Bellmore, NY 11710

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re: Chapter 11
Case No. 16-74897

**945 LITTLE EAST NECK ROAD LLC**

Debtor.
-----------------------------------------------------------X

In re: Chapter 11
Case No. 16-74898

**956 LITTLE EAST NECK ROAD LLC**

Debtor.
-----------------------------------------------------------X

In re: Chapter 11
Case No. 16-74896

**1041 LITTLE EAST NECK ROAD LLC**

Debtor.
-----------------------------------------------------------X

**ORDER IMPOSING STAY PURSUANT TO BANKRUPTCY CODE § 362(n)**

Upon the motion dated October 24, 2016 (the "Motion") filed by 945 Little East Neck Road, LLC, 956 Little East Neck Road, LLC, and 1041 Little East Neck Road, LLC, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to Bankruptcy Code § 362(n) seeking the imposition of the bankruptcy stay pursuant to Bankruptcy Code § 362(a); and the Court having jurisdiction to consider the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Application and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b)(2); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates and creditors; and upon the proceedings before the Court; and

good and sufficient cause appearing therefor, and after due deliberation by this Court, it is hereby

**ORDERED**, that the Motion is granted to the extent provided herein; and it is further

**ORDERED**, that the bankruptcy stay set forth in Bankruptcy Code § 362(a) shall apply effective immediately.